UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

ANDREWS ODURO BROWN,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

Crim. Action No. 22-0164-TDC
Civil Action No. 24-3648-TDC

**MEMORANDUM ORDER**

Petitioner Andrews Oduro Brown ("Oduro") has filed a Motion to Vacate, Set Aside, or Correct the Sentence pursuant to 28 U.S.C. § 2255 ("the § 2255 Motion") in which he asks the Court to vacate his convictions and sentences for conspiracy to commit passport fraud, aggravated identity theft, and bankruptcy fraud. Having reviewed the § 2255 Motion, the Court finds that no response from the Government is necessary. *See* Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts. For the reasons set forth below, the § 2255 Motion will be DISMISSED.

**BACKGROUND**

On April 27, 2022, a federal grand jury returned a five-count Indictment against Oduro, and his co-defendant Charmaine Miesha Brown ("Brown"), in the following numbered counts: (1) conspiracy to commit passport fraud, in violation of 18 U.S.C. § 371; (2) conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349; (3) aggravated identity theft, in violation of 18 U.S.C. § 1028A; (4) bankruptcy fraud, in violation of 18 U.S.C. § 157(1); and (5) false statements in

bankruptcy, in violation of 18 U.S.C. § 152(3). On December 14, 2023, pursuant to a plea agreement, Oduro pleaded guilty to Counts 1, 3, and 4.

On March 29, 2024, Oduro was sentenced to a total term of 28 months of imprisonment followed by 3 years of supervised release. Counts 2 and 5 were dismissed at sentencing pursuant to the plea agreement. Brown did not plead guilty and instead was found guilty after a jury on Counts 1, 2, 4, and 5 but was acquitted on Count 3.

## DISCUSSION

In his § 2255 Motion, Oduro challenges his conviction and sentence on the grounds that: (1) he was a victim of human trafficking and was forced to commit his crimes under duress and as a matter of necessity; (2) he is not a United States citizen and is thus not eligible, under the United States Constitution, to be charged with aggravated identity theft; (3) Brown's acquittal at trial on Count 3, aggravated identity theft, rendered Oduro's conviction of that crime invalid; and (4) Oduro's conviction is invalid because Brown was permitted to assert a necessity defense at trial, but he was not permitted to do so.

A prisoner in federal custody may move to vacate, set aside, or correct the sentence on the basis that: (1) "the sentence was imposed in violation of the Constitution or laws of the United States"; (2) the sentencing court lacked jurisdiction; (3) the sentence exceeded the maximum authorized by law; or (4) the sentence is "otherwise subject to collateral attack." 28 U.S.C. § 2255(a). The petitioner bears the burden of proof and must establish the claim by a preponderance of the evidence. *See Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958).

In § 2255 proceedings, a hearing is necessary where there are material disputed facts or where the court must make a credibility determination in order to resolve the motion. *See United States v. Witherspoon*, 231 F.3d 923, 926-27 (4th Cir. 2000). However, "[i]f it plainly appears

2

from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion." Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts. Upon review, no hearing is required to resolve the § 2255 Motion.

Upon consideration of the § 2255 Motion, the Court finds that Oduro's claims for relief are barred by the doctrine of procedural default. Generally, the doctrine of procedural default bars a federal defendant from asserting a challenge to his or her conviction on collateral review when that challenge was not first asserted on direct appeal. *See Massaro v. United States*, 538 U.S. 500, 504 (2003); *United States v. Draven*, 77 F.4th 307, 315 (4th Cir. 2023). Procedural default may be excused when a defendant demonstrates either "cause" and "prejudice," or that the defendant is "actually innocent." *Draven*, 77 F.4th at 315; *see Bousley v. United States*, 523 U.S. 614, 622-23 (1998) (quoting *Murray v. Carrier*, 477 U.S. 478, 485 (1986)). "Cause" requires a defendant to show that there was "some external impediment preventing [his] counsel from constructing or raising the claim." *Draven*, 77 F.4th at 315. To demonstrate prejudice, a defendant must demonstrate "not merely that the errors . . . created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982). "'[A]ctual innocence' means factual innocence, not mere legal insufficiency," and requires a showing that "it is more likely than not that no reasonable juror would have convicted" the defendant. *Bousley*, 523 U.S. at 623.

Here, Oduro's claims are subject to procedural default because he failed to assert them on direct appeal and in fact filed no direct appeal. The fact that Oduro waived his right to appeal in the plea agreement does not constitute cause for purposes of procedural default. *See United States v. Pipitone*, 67 F.3d 34, 38-39 (2d Cir. 1995) (finding that language in a plea agreement barring an

3

appeal is not sufficient cause for purposes of excusing procedural default); *United States v. Jones*, No. 94-6209, 1995 WL 321263, at *1 (4th Cir. May 30, 1995). Oduro has identified no reason for his failure to assert these claims on direct appeal and thus has not established cause. Nor has he provided a basis for the Court to find prejudice or that he was actually innocent. Where Oduro's first two claims, that he committed the crimes out of necessity and that his aggravated identity theft conviction was unconstitutional, plainly could have been asserted on direct appeal, the Court will dismiss those claims as procedurally defaulted.

Where Oduro was sentenced on March 29, 2024, he was required to file a notice of appeal within 14 days, or by April 13, 2024. Brown's trial, however, did not begin until April 14, 2024 and did not conclude until April 24, 2024. Thus, the Court recognizes that Brown's third and fourth claims, which are predicated on the conduct and result of that trial, could not reasonably have been identified by Brown before his notice of appeal was due. Even if that sequence of events were deemed to establish cause for the procedural default, the Court finds that there is no prejudice arising from the failure to consider them now.

As to the third claim, that Oduro's conviction of aggravated identity theft is invalid because Brown was acquitted of that charge, there is nothing inconsistent or problematic about the fact that the jury acquitted Brown of aggravated identity theft based on the evidence relating to her, while Oduro pleaded guilty to aggravated identity theft based on his own conduct. Although Oduro cites *United States v. Austin-Bagley Corp.*, 31 F.2d 229 (2d Cir. 1929), in that case the court found that the acquittal of two co-defendants on a conspiracy charge did not provide a basis to challenge the guilty verdict against the other co-defendants. *Id.* at 233. The one potentially persuasive argument referenced in that case—that a defendant cannot commit the crime of conspiracy alone, *id.*—is not

at issue because aggravated identity theft can be committed alone. Particularly where Oduro was convicted through a guilty plea and not a jury verdict, this argument has no merit.

As for the fourth claim, that Oduro's conviction was somehow invalid because Brown was permitted to assert a necessity defense at trial, this argument could not succeed, among other reasons, because Oduro did not go to trial so there was never any determination that he could not assert such a defense. Rather, in his guilty plea colloquy, Oduro was specifically advised that he could present evidence and witnesses and could testify himself. To the extent that Oduro may be asserting that his guilty plea was somehow the result of duress, any such claim is squarely refuted by Oduro's sworn statement during the plea colloquy, when he confirmed to the Court that no one had threatened him or pressured him to cause him to plead guilty, and that he was pleading guilty out of his own free will. Guilty Plea Hrg. Tr. at 25, ECF No. 166; *see United States v. Lemaster*, 403 F.3d 216, 220–21 (4th Cir. 2005) (concluding that a defendant's statements made under oath during a guilty plea colloquy carry "a strong presumption of verity"). Thus, there is no prejudice arising from the procedural default of the final two claims. The Court will therefore dismiss them based on procedural default.

Oduro has no absolute entitlement to appeal a district court's dismissal of the Motion. *See* 28 U.S.C. § 2253(c)(1)(B). To appeal the dismissal of the § 2255 Motion, Oduro must obtain a certificate of appealability. *Id.* A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). When a district court dismisses a § 2255 motion on procedural grounds without reaching the merits of the constitutional claim, a petitioner must demonstrate that reasonable jurists "would find it debatable whether the petition states a valid claim of the denial of a constitutional right and . . . whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Because Oduro has made no such showing, this Court will not issue a certificate of appealability. Oduro may still seek such a certificate from the United States Court of Appeals for the Fourth Circuit. *See* Fed. R. App. P. 22(b)(1).

## CONCLUSION

For the foregoing reasons, it is hereby ORDERED that:

1. Oduro's Motion to Vacate, Correct, or Set Aside the Sentence pursuant to 28 U.S.C. § 2255, ECF No. 247, is DISMISSED.
2. The Court declines to issue a certificate of appealability.
3. The Clerk shall close Civil Action No. 24-3648-TDC.
4. The Clerk shall mail a copy of this Memorandum Order to Oduro.

Date: March 7, 2025

THEODORE D. CHUANG
United States District Judge